IN THE CIRCUIT COURT FOR MONTGOMERY COUNTY MARYLAND

| | |
|---|---|
| MOHAMMAD DIN ) | Case No.: 476691-V |
| ) | |
| 83 Rams Court ) | COMPLAINT |
| ) | |
| Shepherdstown, WV 25443, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| MONTGOMERY COUNTY | |
| 101 Monroe Street | |
| 3rd Floor | |
| Rockville, MD 20850, | |
| Defendant | |

**COMPLAINT**

INTRODUCTION

1. Mohammad Din, Plaintiff, by and through his undersigned counsel, hereby sues Montgomery County for violations of Age Discrimination in Employment Act, 29 U.S.C. §621 et seq., Americans with Disabilities Act 42 U.S.C. §12101 et. seq. and ADA Amendments Act of 2008, Rehabilitation Act of 1973 Section 504, Title VII of the Civil Rights Act 42 U.S.C. § 2000e, et. seq., Md. State Government Article §20-602, and Montgomery County Code §27-19. Despite Plaintiff's exemplary 37 years of service, Plaintiff was denied a promotion to which he was objectively entitled. He was replaced by an employee with none of the technical expertise required by the job, less experience, younger, of a different national origin, and without a disability. The denial of promotion occurred the day after Plaintiff's supervisor disparaged Plaintiff for being hard of hearing, being old, and being obsolete.

PARTIES

2. Plaintiff, Mohammad Din, is over 40 years old and a citizen of the United States and was a resident of Montgomery County, Maryland, at all relevant times. Plaintiff is currently a resident of West Virginia.

3. Defendant is a County Government for Montgomery County, Maryland. Montgomery County has more than 20 employees.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this action pursuant to Montgomery County Code § 27-9, Md. Code Ann., Cts. & Jud. Proc. § 4-402d, Md. Code Ann., and Cts. & Jud. Proc. § 1-501.

5. Plaintiff has been subject to discrimination under Montgomery County Code § 27-19.

6. Venue is proper in the Circuit Court for Montgomery County pursuant to Montgomery County Code § 27-19 and Md. Code Ann., Cts. & Jud. Proc. § 6-201 because Defendant maintains a principal office in Maryland.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES AND CONDITIONS PRECEDENT

7. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 6 of this Complaint with the same force and effect as if set forth herein.

8. Plaintiff has exhausted administrative remedies and met all conditions precedent as to all claims in this complaint. Plaintiff filed a timely complaint with the EEO Officer and EEOC. Plaintiff received a right to sue letter five days after mailing and timely filed this complaint.

## STATEMENT OF CLAIM

9. Plaintiff, Mohammad Din, is and was 40 years old or greater at the time of incidents.

10. Din is of Pakistani national origin.

11. No other employee in the Traffic Division was of Pakistani national origin.

12. Din began working for Defendant, Montgomery County Government (County), on or about October 24, 1978.

13. Din informed County that he suffered from severe and long term hearing problems on his application, indicating he was disabled in the physical disability column.

14. Din's disability is hearing impairment or his employers was perceived by his employers as such. Din's impairment substantially limits his ability to hear.

15. At all relevant times Din was qualified to perform the essential functions of his job and the job to which he applied. Din had ample experience and exemplary performance. Din was not subject to disciplinary measures for performance during the relevant time period.

16. The position of Program Specialist II was frozen for three years.

17. At the time of the relevant events Din's immediate supervisor was Khursheed Bilgrami.

18. Bilgrami is not Pakistani. Bilgarmi does not have a disability.

19. Din met Thomas Tyree on or about January 4, 2016.

20. Tyree is not Pakistani. Tyree does not have a disability.

21. Tyree is and was in his 30s at all relevant times.

22. Din clearly had seniority with more than 30 years of experience.

23. During Din's lengthy tenure he gained extensive experience in residential permit parking policies and principles of traffic engineering.

24. During Din's lengthy tenure he gained extensive experience using the geographic information system (GIS).

25. Tyree had far less experience working with the County (in any capacity) than Din. Tyree had very limited experience in the traffic division relative to Din.

26. On or about March 23, 2016, Din contacted Tyree for clarification on his (Tyree's) first work order due to discrepancies.

27. Tyree told Din that he had no technical nor other sort of experience in the field.

28. Tyree told Din he did not have experience with the GIS.

29. The frozen position of Program Specialist II was opened on or about April 15, 2016.

30. The position of Program Specialist II would have been a promotion for Din with increase in pay and retirement benefits.

31. The position required two years of professional experience in a program/ specialization area directly related to the position.

32. The position required experience of residential permit parking policies and principles of traffic engineering.

33. The position required experience using the GIS.

34. Din attempted to submit his application through the online portal on April 28, 2016, However, his access was blocked after several unsuccessful attempts. Din informed Bilgrami and asked other coworkers about access to no avail. Concerned about the approaching deadline, Din went to Human Resources and spoke with Ms. Beck. Human Resources would not accept the application by hand.

35. On or about April 29, 2016, Din attempted to apply via the portal again, which was again unsuccessful.

36. Ms. Beck suggested that Din return to HR to see Carey Cauto. Cauto attempted to help with the online application but was unsuccessful. Finally, Cauto agreed to accept the application by hand.

37. The basic application review categorized Din as well qualified.

38. Din was granted an interview on or about May 25, 2016.

39. During the interview Din was asked a total of nine questions, only one of which related to any of the technical requirements of the position. All of the personnel involved in the interview process and substantive decisions had access to Bilgrami's personnel file as part of the evaluation process, which included Din's disability, age and national origin. Din further spoke with coworkers and supervisors about his impairment and treatments related to it.

40. After the interview Din spoke with Bilgrami about the position.

41. Bilgrami questioned why Din wanted to apply to the position stating that Din was "obsolete," had "aged down," and was hard of hearing. Bilgrami further asserted that Din would not get the job. Din was shocked but tried to continue working.

42. Din was informed the following day, May 26, 2016, that he was not selected for the position.

43. On or about May 26, 2016, Din filed a timely Complaint with his EEO office alleging discriminatory treatment and failure to promote for discriminatory reasons.

44. Din began a previously scheduled vacation on or about May 26, 2016, that had been approved in April 2016.

45. While on vacation, Din began experiencing crippling stress and severe symptoms of anxiety to the extent that Din sought medical treatment on June 2, 2016.

46. The stress and anxiety was caused by having been subjected to discriminatory statements and having been betrayed by an employer after giving 37 years of service. Din had not experienced these symptoms before.

47. Din's doctor determined that Din was suffering from multiple psychological ailments and directed Din to remain on sick leave.

48. Din called Bilgrami to inform of his doctor's diagnosis and medical direction.

49. Bilgrami became hostile and threatened to fire Din if he did not immediately provide medical proof of his ailments.

50. Din began experiencing more severe symptoms of stress, anxiety, and headaches.

51. Din requested a letter from his doctor reflecting his need to miss work.

52. Din's doctor issued a letter explaining that Din required two weeks off.

53. On or about July 28, 2019, Din's doctor issued a follow up letter that added Din had no history of anxiety disorder, depression, nor any other mental disorder. Din's doctor further stated that he strongly believed Din's symptoms would be resolved and his severe impairments would not be indefinite. Din remained on sick leave until taking early retirement.

54. The County has greater than 20 employees.

55. Din suffered severe stress and anxiety as a result of County's discriminatory statements and hostile treatment, including the refusal to promote.

56. Bilgrami contributed to or made the decision to deny Din's promotion.

57. Fred Lees contributed to or made the decision to deny Din's promotion.

58. Bilgrami said the reason Din would not get the job was because he was hard of hearing, aging down, and obsolete.

59. Din was replaced with a person younger than 40 years old, who was not Pakistani, and had no disability.

60. County representatives, including member of the interview team refused to promote Din because of his age, disability, and/or national origin.

61. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic, physical and emotional injuries, resulting in damages.

62. Defendant's refusal to promote was undertaken with malicious intent.

## COUNT I

### Age Discrimination

Age Discrimination in Employment Act, 29 U.S.C. §621 et seq.

63. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 62 of this Complaint with the same force and effect as if set forth herein.

64. Plaintiff was 40 years old or greater at all relevant times and is a member of a protected class.

65. Defendant explicitly stated that Plaintiff was "hard of hearing."

66. Defendant explicitly stated that Plaintiff was "aging down."

67. Defendant explicitly stated that Plaintiff was "obsolete."

68. Defendant discriminated against Plaintiff by refusing to promote and promoted another employee without a disability.

69. Defendant promoted someone less than 40 years of age instead of Plaintiff.

70. Management knew, or should have known, or engaged in the discriminatory conduct.

71. Defendants did not exercise reasonable care to prevent discrimination on the basis of age, and did not correct discriminatory behavior.

72. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

73. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on age.


## COUNT II

### Disability Discrimination

Americans with disabilities Act 42 U.S.C. §12101 et. seq. and ADA Amendments Act of 2008

74. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 73 of this Complaint with the same force and effect as if set forth herein.

75. Plaintiff has a disability, hearing impairment.

76. Defendant was aware of Plaintiff's disability.

77. Plaintiff's disability is a physical impairment that substantially limits the major life activity of hearing.

78. Plaintiff was qualified for the position and able to perform the essential functions of the job.

79. Defendant refused to promote Plaintiff because of his disability and promoted another employee without a disability.

80. Defendant did not exercise reasonable care to prevent discrimination on the basis of disability, and did not correct discriminatory behavior.

81. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on disability.

82. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic, physical, and emotional injuries, resulting in damages in an amount to be proven at trial.

COUNT III

Disability Discrimination

Rehabilitation Act of 1973 Section 504

83. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 82 of this Complaint with the same force and effect as if set forth herein.

84. Plaintiff has a disability, hearing impairment.

85. Defendant was aware of Plaintiff's disability.

86. Plaintiff's disability is a physical impairment that substantially limits the major life activity of hearing.

87. Plaintiff was qualified for the position and able to perform the essential functions of the job.

88. Defendant refused to promote Plaintiff because of his disability and promoted another employee without a disability.

89. Defendant did not exercise reasonable care to prevent discrimination on the basis of disability, and did not correct discriminatory behavior.

90. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on disability.

91. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic, physical, and emotional injuries, resulting in damages in an amount to be proven at trial.


## COUNT IV

### National Origin Discrimination

### Title VII of the Civil Rights Act, 42 U.S.C. § 2000e et. seq.

92. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 91 of this Complaint with the same force and effect as if set forth herein.

93. Defendant is an employer as defined in the statute and, at all relevant times, employed Plaintiff.

94. Defendant had twenty or more employees at all relevant times.

95. Plaintiff's national origin is Pakistani.

96. The Traffic Division of Defendant had no other Pakistani employees.

97. Defendant promoted a person of a different national origin over Plaintiff.

98. Defendant refused to promote Plaintiff because of his national origin.

99. Defendants did not exercise reasonable care to prevent discrimination on the basis of national origin, and did not correct discriminatory behavior.

100. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on age.

101. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.


## COUNT V

### Age Discrimination

### Md. State Government Article §20-602

102. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 101 of this Complaint with the same force and effect as if set forth herein.

103. Plaintiff was 40 years old or greater at all relevant times and is a member of a protected class.

104. Defendant explicitly stated that Plaintiff was "hard of hearing."

105. Defendant explicitly stated that Plaintiff was "aging down."

106. Defendant explicitly stated that Plaintiff was "obsolete."

107. Defendant discriminated against Plaintiff by refusing to promote.

108. Defendant promoted someone less than 40 years of age instead of Plaintiff.

109. Management knew, or should have known, or engaged in the discriminatory conduct.

110. Defendants did not exercise reasonable care to prevent discrimination on the basis of race, and did not correct discriminatory behavior.

111. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

112. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on age.


COUNT VI

Disability Discrimination

Md. State Government Article §20-602

113. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 112 of this Complaint with the same force and effect as if set forth herein.

114. Plaintiff has a disability, hearing impairment.

115. Defendant was aware of Plaintiff's disability.

116. Plaintiff's disability is a physical impairment that substantially limits the major life activity of hearing.

117. Plaintiff was qualified for the position and able to perform the essential functions of the job.

118. Defendant refused to promote Plaintiff because of his disability.

119. Defendant did not exercise reasonable care to prevent discrimination on the basis of disability, and did not correct discriminatory behavior.

120. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on disability.

121. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic, physical, and emotional injuries, resulting in damages in an amount to be proven at trial.

COUNT VII

National Origin Discrimination

Md. State Government Article §20-602

122. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 121 of this Complaint with the same force and effect as if set forth herein.

123. Defendant is an employer as defined in the statute and, at all relevant times, employed Plaintiff.

124. Defendant had twenty or more employees at all relevant times.

125. Plaintiff's national origin is Pakistani.

126. The Traffic Division of Defendant had no other Pakistani employees.

127. Defendant promoted a person of a different national origin over Plaintiff.

128. Defendant refused to promote Plaintiff because of his national origin.

129. Defendants did not exercise reasonable care to prevent discrimination on the basis of national origin, and did not correct discriminatory behavior.

130. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on age.

131. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

## COUNT VIII

### Age Discrimination

### Montgomery County Code §27-19

132. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 131 of this Complaint with the same force and effect as if set forth herein.

133. Plaintiff was 40 years old or greater at all relevant times and is a member of a protected class.

134. Defendant explicitly stated that Plaintiff was "hard of hearing."

135. Defendant explicitly stated that Plaintiff was "aging down."

136. Defendant explicitly stated that Plaintiff was "obsolete."

137. Defendant discriminated against Plaintiff by refusing to promote.

138. Defendant promoted someone less than 40 years of age instead of Plaintiff.

139. Management knew, or should have known, or engaged in the discriminatory conduct.

140. Defendants did not exercise reasonable care to prevent discrimination on the basis of race, and did not correct discriminatory behavior.

141. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

142. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on age.

## COUNT IX

### Disability Discrimination

### Montgomery County Code §27-19

143. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 142 of this Complaint with the same force and effect as if set forth herein.

144. Plaintiff has a disability, hearing impairment.

145. Defendant was aware of Plaintiff's disability.

146. Plaintiff's disability is a physical impairment that substantially limits the major life activity of hearing.

147. Plaintiff was qualified for the position and able to perform the essential functions of the job.

148. Defendant refused to promote Plaintiff because of his disability.

xx. Defendant did not exercise reasonable care to prevent discrimination on the basis of disability, and did not correct discriminatory behavior.

149. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on disability.

150. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic, physical, and emotional injuries, resulting in damages in an amount to be proven at trial.

## COUNT X

### National Origin Discrimination

### Montgomery County Code §27-19

151. Plaintiff repeats and re-alleges each and every allegation contained in paragraphs 1 through 150 of this Complaint with the same force and effect as if set forth herein.

152. Defendant is an employer as defined in the statute and, at all relevant times, employed Plaintiff.

153. Defendant had twenty or more employees at all relevant times.

154. Plaintiff's national origin is Pakistani.

155. The Traffic Division of Defendant had no other Pakistani employees.

156. Defendant promoted a person of a different national origin over Plaintiff.

157. Defendant refused to promote Plaintiff because of his national origin.

158. Defendants did not exercise reasonable care to prevent discrimination on the basis of national origin, and did not correct discriminatory behavior.

159. Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiff's right to be free from discrimination based on age.

160. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, Derrick Smith, prays this Honorable Court for Judgment against the Defendant, The Alexander Company, Inc., in the amount of economic damages, compensatory damages, and punitive damages to be determined at trial, attorneys' fees, costs of this action, and/or injunctive relief, equitable relief, and any other relief this Honorable Court deems just and proper to award. The amount in controversy exceeds $75,000.

## JURY DEMAND

Plaintiff demands a jury for all issues proper to be so tried.

Respectfully submitted,

Dated this 16th day of December, 2019

Jason Shafer, Esq.
Shafer Associates, LLC
230 N. Washington St.
Suite 200
Rockville, MD 20850